UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SANDRA TRAVIS HARDEN, )
Executrix of the Estate of )
Maury Troy Travis, )
 )
 Plaintiff, )
 )
 vs. ) No. 4:04-CV-602 (CEJ)
 )
ST. LOUIS COUNTY, et al., )
 )
 Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motion to dismiss plaintiff's second amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6).[1] In response to the motion, plaintiff conceded the merits of defendants' arguments and sought leave to file a third amended complaint. Defendants replied that plaintiff's third amended complaint failed to address the deficiencies that form the basis for their dismissal motion. The Court granted plaintiff leave to amend, and will consider the motion to dismiss as being directed to the third amended complaint.

On June 10, 2002, Maury Travis hanged himself in a cell in the St. Louis County jail. His mother, plaintiff Sandra Travis Harden, brings this 42 U.S.C. § 1983 action against defendants St. Louis County, Roy Mueller (Director of Department of Justice Services), Captain Jesse Riddle-Rush (Watch Commander), John Szuba (Unit Manager), Correctional Officer Charles McKnight, Correctional

---

[1]The Court previously dismissed plaintiff's negligence claims against Hellmuth, Obata & Kassabaum, Inc., and Jacobs Facilities, Inc.

Officer Bobby Vinson, Intake Nurse Louis Youngblood, and John and Jane Doe defendants (Count I, III and IV of the third amended complaint). Plaintiff also asserts state law claims of negligence and "deliberate indifference/willful/wanton/malicious conduct" (Counts V through VIII).

**Discussion**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

1. **Federal Rule of Civil Procedure 8(a)**

Defendants first argue that plaintiff's § 1983 claims fail to satisfy the requirements of notice pleading under Fed.R.Civ.P.

8(a). A plaintiff in a jail suicide case brought under § 1983 must establish that the defendant was deliberately indifferent to a strong likelihood, rather than a mere possibility, of suicide. Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995)(citing Bell v. Stigers, 937 F.2d 1340, 1343 (8th Cir. 1991)). An entirely conclusory complaint that fails to indicate what acts the defendant is accused of will not satisfy the requirements of Rule 8(a). See id.

According to the third amended complaint, Mr. Travis was arrested by United States Marshals who then placed him in the custody of the St. Louis County jail. Plaintiff alleges that the marshals "instructed, advised and cautioned those people at the jail accepting" custody of Mr. Travis that he was mentally unstable, might be suffering from a mental disease or defect, posed a danger to himself, was suicidal and that he required suicide watch. This allegation states the existence of more than a mere possibility of suicide and satisfies the requirements of Rule 8(a).

Plaintiff also alleges that the individual defendants, with deliberate indifference: (1) failed to seek an evaluation of Mr. Travis's mental health; (2) failed to place him on a "true, high-level suicide watch" or in the infirmary where he could be directly monitored; (3) housed him in a cell with blind spots and provided him with materials he later used to hang himself; and (4) failed to complete frequent cell checks, leaving Mr. Travis unattended for one- and two-hour periods. Plaintiff alleges that the supervisory defendants failed to properly supervise defendants McKnight, Vinson

and Youngblood, despite past disciplinary infractions and complaints. Plaintiff alleges that defendant St. Louis County had notice that the cell in which Mr. Travis was placed was in a dangerous condition and, further, had knowledge that similar wrongful acts had previously occurred. She further alleges that the individual defendants' actions were in accordance with a policy or practice and custom of St. Louis County. The allegations contained in Counts I, III and IV of the third amended complaint satisfy the requirements of Rule 8.

### 2. **Official Capacity**

Plaintiff sues the individual defendants in both their individual and official capacities. Defendants assert that plaintiff has not adequately stated a claim for relief against the defendants in their official capacities. Section 1983 actions against government employees in their official capacities are treated as actions against the entity which employs them. Kentucky v. Graham, 473 U.S. 159, 165 (1985). In an official capacity suit, the policy or custom of the governmental entity, St. Louis County in this case, must have played a part in the violation of federal law. Id. See also Frey, 44 F.3d at 672 (plaintiff may not pursue § 1983 action against municipality or offices under *respondeat superior* theory). Plaintiff alleges that the individual defendants acted under the direction and control of St. Louis County and pursuant to "official policy, or custom, practice and usage" of the county. The Court finds that the plaintiff's allegations are

sufficient to permit the official-capacity claims against the individual defendants to proceed.

### 3. **Municipal Liability**

Defendants next argue that plaintiff has not properly pleaded a claim against St. Louis County for failure to supervise its employees. To establish the county's liability based on its failure to prevent misconduct by employees, the plaintiff must show that county officials had knowledge of prior incidents of misconduct and deliberately failed to take remedial action. Parrish v. Luckie, 963 F.2d 201, 204 (8th Cir. 1992).

Plaintiff alleges in Count III that St. Louis County, acting pursuant to policy, custom or practice, and with deliberate indifference, failed to supervise the individual defendants. Plaintiff further alleges that the county knew that wrongful acts similar to those alleged in this case had previously occurred and, deliberately or indifferently, took no remedial action, although it was in the county's power to prevent the commission of such wrongful acts. Plaintiff's allegations are sufficient to permit her failure-to-supervise claim against St. Louis County to proceed.

### 4. **Qualified Immunity**

Defendants assert that they are entitled to qualified immunity. Qualified immunity protects public officials from § 1983 damage actions if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Bradford v. Huckabee, 394 F.3d 1012, 1015 (8th Cir. 2005). In order to prevail on a motion

to dismiss, defendants must establish that they are entitled to qualified immunity on the face of the complaint. Id.

Plaintiff must allege that defendants knew their actions amounted to a constitutional violation. Yellow Horse v. Pennington County, 225 F.3d 923, 927 (8th Cir. 2000). In the prisoner-suicide context, plaintiff must allege that defendants were deliberately indifferent to a known risk of suicide. Id. Plaintiff makes the requisite allegations and, thus, defendants are not entitled to qualified immunity based on their assertion that the complaint fails to state a claim.[2]

### 5. **State Law Claims Against St. Louis County**

Plaintiff alleges that the cell in which Mr. Travis was placed had a wall vent located in a blind spot that could not be monitored effectively. She also alleges that the vent was located within reach of an inmate and was furnished with vent covers that did not break or pull away from the wall when pulled on. All of these factors, she asserts, rendered the cell a "dangerous condition." She asserts claims against St. Louis County for negligence (Count VI) and deliberate indifference/willful/wanton/malicious conduct (Count VIII).

---

[2]The defendants do not argue that, at the time of Mr. Travis's suicide, the law was not clearly established that their alleged failure to monitor him amounted to deliberate indifference. Rather, their claim of qualified immunity is based solely on the assertion that the amended complaint is deficient. Consequently, the Court has not addressed the qualified immunity issue on the merits.

St. Louis County asserts that plaintiff's state law claims are barred by § 537.600, Mo. Rev. Stat., which affords public entities sovereign immunity from negligence actions. Intentional torts have consistently been found to fall within the shield of sovereign immunity. Mitchell v. Village of Edmundson, 891 S.W.2d 848, 850 (Mo. Ct. App. 1995).

Sovereign immunity is waived for cases involving injury caused by the dangerous condition of public property. § 537.600.1(2). Dale v. Edmonds, 819 S.W.2d 388, 390 (Mo. Ct. App. 1991). In order to state a claim under the dangerous condition exception, a plaintiff must plead and prove facts which show: (1) a dangerous condition of the property; (2) that the plaintiff's injuries <u>directly resulted</u> from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind that plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. Id. (emphasis added). "Direct result" is synonymous with "proximate cause," or a "cause which directly, or with no mediate agency, produces an effect." Id. Suicide is a new and independent intervening act that breaks the causal connection between a negligent act and death. Eidson v. Reproductive Health Services, 863 S.W.2d 621, 627 (Mo. Ct. App. 1993). The "dangerous condition" exception to sovereign immunity does not apply to plaintiff's state law claims against St. Louis County and, therefore, Counts VI and VIII will be dismissed.

### 6. **State Law Claims Against Individual Defendants**

Plaintiff alleges that the individual defendants placed Mr. Travis in a cell in a dangerous condition (rather than "true, high-level suicide watch"), gave him bed sheets, and then failed to adequately monitor him. She asserts claims against these defendants for negligence (Count V) and deliberate indifference/willful/wanton/malicious conduct (Count VII).

The individual defendants argue that they are protected by the doctrine of official immunity. The doctrine of official immunity protects public officials acting within the scope of their authority from liability for injuries arising from their discretionary, as opposed to ministerial, acts or omissions. Geiger v. Bowersox, 974 S.W.2d 513, 517 (Mo. Ct. App. 1998). A discretionary act is one that requires "the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued." Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. 1984). A ministerial act, on the other hand, is "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." Id. Stated another way, in order to be liable for official acts, a public employee must breach a ministerial duty imposed by statute or regulation. Scher v. Purkett, 847 S.W.2d 76, 78 (Mo. Ct. App. 1992).

Plaintiff generally alleges that defendants "acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Missouri, the County of St. Louis, and the St. Louis County Justice Center." Plaintiff does not allege, however, that defendants breached a duty imposed by statute or regulation. The individual defendants thus are entitled to official immunity on plaintiff's state law claims and Counts V and VII will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#70] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Counts V, VI, VII, and VIII of plaintiff's third amended complaint are dismissed, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that defendants shall, within twenty (20) days of the date of this order, file an answer to Counts I, III, and IV of plaintiff's third amended complaint.

/s/ Carol E. Jackson
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2005.